# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

MELVIN P. LAWRENCE,

              Petitioner,

       v.

DAVID SHINN,

              Respondent.

Case No. CV 19-0506-JEM

MEMORANDUM OPINION AND ORDER

## INTRODUCTION

On January 23, 2019, Melvin P. Lawrence ("Petitioner"), a prisoner in federal custody proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition" or "Pet."). At the time the Petition was filed, he was incarcerated in the Central District of California, at the United States Penitentiary in Victorville, California ("USP-Victorville"). (See Pet. at 1.) The Petition challenges the validity of Petitioner's underlying sentence.

On April 4, 2019, Respondent filed a Motion to Dismiss ("Motion"). On April 22, 2019, Petitioner filed an Opposition. Respondent did not file a Reply. The matter is ready for decision.

For the reasons set forth below, the Court finds that the Motion should be granted.

## PRIOR PROCEEDINGS

Petitioner previously filed a petition for a writ of habeas corpus raising the same arguments as the instant Petition. (Motion Ex. A, case no. 2:18-cv -1863-JEM, dkt. 1.) Respondent filed a motion to dismiss the prior petition. (Motion Ex. B, case no. 2:18-cv-1863-JEM, dkt. 6.) The Court granted Respondent's motion to dismiss and dismissed the prior petition. (Motion Ex. C, case no. 2:18-cv-1863-JEM, dkt. 11.) Petitioner sought reconsideration, which the Court also denied. (Motion Ex. D, case no. 2:18-cv-1863-JEM, dkt. 17.) This Petition is nearly identical to the previous petition, and it appears that Petitioner has simply attached additional documents relating to the issue of "actual innocence" that could have been submitted in Petitioner's opposition to Respondent's original motion to dismiss. Thus, the instant Petition is Petitioner's third attempt to litigate these same issues in this forum, and the Petition should be dismissed on this basis alone.

Even if the Petition had been properly filed, the arguments raised are meritless for the same reasons set forth in Respondent's motion to dismiss and the Court's Memorandum Opinion and Order dismissing the prior petition. (Motion Exs. B & C, case no. 2:18-cv-1863-JEM, dkt. 6, 11.) Specifically, the Petition is properly construed as a motion pursuant to 28 U.S.C. § 2255 over which the Court lacks jurisdiction, and Petitioner cannot demonstrate that he falls within the "savings clause" of § 2241 because he cannot show he lacked an "unobstructed procedural shot" to present his claim or that he is "actually innocent" of the crimes of conviction. In addition, transferring venue would be futile.

## LEGAL FRAMEWORK

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) ("In general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention."); see also Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006); Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988). The motion must be filed in the district where the defendant was sentenced because only the

sentencing court has jurisdiction.  Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000); Tripati, 843 F.2d at 1163.

Generally, a prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Stephens, 464 F.3d at 897; Tripati, 843 F.2d at 1162.  Rather, a § 2241 habeas petition is the means by which a prisoner challenges the manner, location, or conditions of that sentence's execution.  Hernandez, 204 F.3d at 864 ("[P]etitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court.").

Nevertheless, an exception exists by which a federal prisoner may challenge his conviction or sentence under § 2241 if he can demonstrate that the remedy available under § 2255 is "inadequate or ineffective to test the validity of his detention."  United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997) (quoting § 2255).  This so-called "savings clause" exception is very narrow.  Id.; see also Aronson v. May, 85 S. Ct. 3, 5 (1964) (denial of a prior § 2255 motion is insufficient to render § 2255 inadequate); Lorentsen, 223 F.3d at 953 (§ 2255 not inadequate or ineffective merely because court of appeals refuses to certify second or successive motion to vacate); Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (dismissal of a successive motion pursuant to § 2255 did not render such motion procedure an ineffective or inadequate remedy so as to authorize a federal prisoner to seek habeas relief); Tripati, 843 F.2d at 1162-63 (petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate).

A prisoner challenging the validity of his conviction or sentence may invoke the savings clause in § 2255 and bring a petition pursuant to § 2241 only if he:  "(1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim."  Stephens, 464 F.3d at 898 (citations omitted); see also Ivy v. Pontesso, 328 F.3d 1057, 1060 (9th Cir. 2003).  "To establish actual innocence, [a] petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him."  Stephens, 464 F.3d at 898 (citations omitted).

Moreover, "'actual innocence' means factual innocence, not mere legal insufficiency."
Bousley v. United States, 523 U.S. 614, 623-24 (1998) (citation omitted).

The burden is on the petitioner to show that the § 2255 remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963). If a petitioner proceeding pursuant to § 2241 fails to meet this burden, the § 2241 petition will be dismissed for lack of jurisdiction. Ivy, 328 F.3d at 1061.

### DISCUSSION

The relevant procedural history is set forth in Respondent's motion to dismiss the prior petition and the exhibits thereto. (See Motion Ex. B.)

### I.    THE PETITION IS PROPERLY CONSTRUED AS A § 2255 MOTION OVER WHICH THIS COURT LACKS JURISDICTION

Petitioner challenges the validity, rather than the execution, of his sentence. Thus, Petitioner's claims fall within the exclusive domain of § 2255. See Lorentsen, 223 F.3d at 953. Although Petitioner names the Warden of USP-Victorville, David Shinn, as the Respondent, Petitioner does not challenge any of Respondent's actions in carrying out the sentence. Rather, he attacks the legality of the sentence and sets forth essentially the same claims he made in his prior § 2255 motion. (See Petition at 3-4; see also Motion Ex. B (Motion to Vacate and Correct Sentence, attached as Ex. 2).) His requests to file second/successive § 2255 motions have been denied. And his prior § 2241 petitions, which were disguised § 2255 motions, were also denied.

Thus, the Petition is properly construed as a § 2255 motion over which this Court lacks jurisdiction, unless the Petition falls within the "savings clause" of § 2255.

### II.   PETITIONER HAS NOT MET HIS BURDEN OF SHOWING HIS CLAIM FALLS WITHIN THE "SAVINGS CLAUSE" OF SECTION 2255

In order to fall under the "savings clause" of § 2255 Petitioner must establish: (1) he lacked an unobstructed procedural shot to present his claims; and (2) he is actually innocent of the crimes of conviction. Stephens, 464 F.3d at 898.

4

## A. Petitioner Did Not Lack an Unobstructed Procedural Shot to Present His Claims

In order to determine whether Petitioner lacked an unobstructed procedural shot to present his claims, the Court should examine "(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion." Harrison v. Ollison, 519 F.3d 952, 960 (9th Cir. 2008) (internal quotation marks omitted).

Here, Petitioner cites to no recent legal development or change in the law that would have prevented him from raising his claims in his prior appeal or § 2255 motion. Instead, the Petition makes clear that it is merely an attempt to revive prior arguments or slightly modify arguments that have been or could have been raised previously. See Lawrence, 622 F.3d at 555 n.4; id. at 557; Motion Ex. B (Order denying § 2255 motion, attached as Ex. 3).

Thus, Petitioner has failed to show that he was deprived of an unobstructed procedural shot to raise his claims, and his Petition does not trigger the "savings clause" of § 2255.

## B. Petitioner Has Not Established That He Is "Actually Innocent" of the Crimes of Conviction

Petitioner does not argue that he is actually innocent of the crimes of conviction. Rather, he challenges his sentence based on what he claims is a misapplication of the sentencing guidelines resulting in his purported improper categorization as a career offender as well as the quantity and type of cocaine that was attributed to him at resentencing. (Pet. at 3-4.) The only allegation in the Petition specifically concerning innocence is Petitioner's claim that he is "[a]ctual innocent of a career offenders enhancement" because the two prior felony convictions upon which the career offender classification were based should have been treated as a single conviction. (Pet. at 3.) Thus, Petitioner does not assert factual innocence of his crimes of conviction, but attacks

1  the validity of his sentence.  Accordingly, Petitioner does not satisfy the second requirement

2  of the savings clause.

3                                                                    * * *

4        Petitioner has failed to establish that he had an unobstructed procedural shot to

5  present his claims previously or that he is "actually innocent" of the crimes of conviction.

6  Thus, the savings clause of § 2255 does not apply, and this Court lacks jurisdiction over the

7  Petition.

8  **III.    THE PETITION SHOULD NOT BE TRANSFERRED**

9        Transfer of venue is governed by 28 U.S.C. § 1631, which provides:

10       Whenever a civil action is filed . . . and that court finds that there is a want of

11       jurisdiction, the court shall, if it is in the interest of justice, transfer such action or

12       appeal to any other such court in which the action or appeal could have been

13       brought.

14  Id.  A matter should be transferred "if three conditions are met: (1) the transferring court

15  lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the

16  action was filed; and (3) the transfer is in the interest of justice." Cruz-Aguilera v. INS, 245

17  F.3d 1070, 1074 (9th Cir. 2001) (citation omitted).

18       Here, the Petition is properly construed as a § 2255 motion over which this Court

19  lacks jurisdiction.  The Petition could have been filed in the District of Columbia, the district

20  in which he was convicted.  However, the Court concludes that transfer is not in the interest

21  of justice because it would be futile.  As set forth above, Petitioner's claims are without merit

22  and the Petition is merely an unauthorized and successive attempt to attack the validity of

23  his sentence.  In these circumstances, transfer to the District of Columbia is not warranted.[1]

24

25

26  ───────────────

27     [1]  It appears that Petitioner has been transferred from USP-Victorville to a facility in South
    Carolina.  Although transfer of a properly-filed § 2241 petition to the district of incarceration might be
    appropriate under some circumstances, in this case transfer would be futile and the Petition should

28  be dismissed.

**ORDER**

IT IS HEREBY ORDERED that: (1) Respondent's Motion to Dismiss the Petition is granted; and (2) Judgment shall be entered dismissing this action with prejudice.

DATED: <u>May 30, 2019</u>

                                            */s/ John E. McDermott*
                                            JOHN E. MCDERMOTT
                              UNITED STATES MAGISTRATE JUDGE